IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,940-02






EX PARTE TOMAS RAUL GALLO









ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 940093 IN THE 182nd JUDICIAL DISTRICT COURT


HARRIS COUNTY





 Per Curiam. 

O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 Applicant was convicted of the offense of capital murder in February 2004. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed
Applicant's conviction and sentence on direct appeal. Gallo v. State, 239 S.W.3d 757 (Tex.
Crim. App. 2007). This Court denied relief on Applicant's initial post-conviction application
for writ of habeas corpus. Ex parte Gallo, No. WR-77,940-01 (Tex. Crim. App. January 9,
2013). 

 State habeas counsel Jerome Godinich, Jr. filed this subsequent habeas application in
the trial court on April 22, 2013. (1) It was received in this Court on May 13, 2013. On May
30, 2013, this Court received "Applicant's Motion to Strike Unauthorized Subsequent Writ,"
which was filed by federal habeas counsel Allen Richard Ellis. Ellis complains that Godinich
filed the instant habeas application after Applicant informed Godinich that he no longer
wanted him to represent him or to file anything further on his behalf. Thus, Ellis contends
that Godinich "has no authority to file this unauthorized subsequent writ." Godinich
responds that he has "a duty to continue [his] representation until and unless relieved of [his]
duties by the convicting court," and that the trial court judge has "reaffirmed [his] obligation
to continue to represent [Applicant]."

 This cause is remanded to the trial court so that the habeas corpus record can be
supplemented with affidavits or testimony from Applicant, Godinich, and Ellis regarding
how to proceed and how to resolve the conflicting positions of state and federal habeas
counsel. Following receipt of this information, the trial court should make any findings of
fact and conclusions of law which it deems relevant and appropriate to the procedural posture
of the instant habeas application. The trial court shall not address the merits of the claim
raised in the application. 

 This cause will be held in abeyance pending the trial court's compliance with this
order. The trial court shall resolve the issues presented within 60 days of the date of this
order. A supplemental transcript containing the trial court's resolution or any additional
findings of fact and conclusions of law shall be returned to this Court within 90 days of the
date of this order. (2) 

 IT IS SO ORDERED THIS THE 26TH DAY OF JUNE, 2013.


Do Not Publish
1. The application was signed by Godinich and R. Scott Shearer. The signature page
indicates that Godinich is "Habeas Counsel for Applicant" and Shearer is "Counsel for Applicant
(On the writ only)."
2. Any extensions of this time period should be obtained from this Court.